### J. LIEBLING FURRIERS' SUPPLY CO., Inc., v. COHN et al.

(Supreme Court, Appellate Term, First Department.   October 11, 1915.)

JUDGMENT ☞158—DEFAULT—VACATION.

Where defendants defaulted in serving an amended answer, their default should not be opened, save upon a showing including a proposed answer and affidavits setting forth facts from which the court could determine that a meritorious defense or counterclaim existed.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 311; Dec. Dig. ☞158.]

Appeal from City Court of New York, Trial Term.

Action by the J. Liebling Furriers' Supply Company, Incorporated, against William I. Cohn and Joshua Cohn, copartners trading as W. I. & J. Cohn. A default was entered upon failure of defendants to serve an amended answer. From an order vacating it, plaintiff appeals. Order reversed, and motion denied.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Charles Liebling, of New York City (Charles Goldzier, of New York City, of counsel), for appellant.

Samuel S. Breslin, of New York City (Martin M. Alpert, of Brooklyn, of counsel), for respondents.

PAGE, J.   This action came on for trial at a Trial Term, and a juror was allowed to be withdrawn on consent of the parties, under a stipulation whereby the defendants were allowed by order of the court 12 days in which to serve an amended answer upon filing a bond in the sum of $600. The defendant's time to comply with this order expired on July 21, 1915. They failed to do so on that date, and plaintiff refused to allow them to serve the answer and file the bond a few days later, and applied for judgment upon their default. This motion to open the default was granted, upon payment of $15 costs, and from the order granting it this appeal is taken by the plaintiff.

The defendants were in default for want of an answer, and should not have been allowed to open their default, except upon papers which included a proposed answer and affidavits showing facts from which the court could determine that a meritorious defense or counterclaim existed. As neither of these was shown in the moving papers, the motion should have been denied.

The order appealed from is accordingly reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, with leave to renew upon proper papers. All concur.